FILED
2007 JAN 18 PM 1: 16
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, CDC #E-87177,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROSIE GARCIA, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　06-2673 BEN (JMA)<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PREPAY CIVIL FILING FEES PURSUANT TO 28 U.S.C. § 1914(a)** |

　　　Plaintiff, an inmate currently incarcerated at California State Prison in Corcoran, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's current Complaint is an attempt to "refile" *Washington v. Garcia*, S.D. Cal. Civil Case No. 95-2217 K (LSP), a civil rights action he filed in this Court more than ten years ago. Plaintiff claims that numerous Centinela State Prison officials violated his First, Eighth and Fourteenth Amendment rights in a variety of ways in 1994 and 1995, but primarily by discriminating and retaliating against him for exercising his constitutional rights. (*See* "Statement of Facts" attached to Compl. at 7-23.) Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. (*Id.* at 23-25.)

///

///

## I.

## Failure to Pay Filing Fee or Request IFP Status

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff has not paid the $350 filing fee required to institute this "renewed" civil action, nor has he submitted a motion to proceed IFP which includes a certified copy of his prison trust account activity for the 6-month period immediately preceding the filing of his Complaint. Therefore, this action must be **DISMISSED** for failure to prepay the $350 civil filing fee and failure to move to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1) and (2).

## II.

## Notification of "3-Strikes" pursuant to 28 U.S.C. § 1915(g)

The Court notes, however, that even if Plaintiff had moved to proceed IFP, his motion would be denied pursuant to 28 U.S.C. § 1915(g). Section 1915 of Title 28 of the United States Code allows certain indigent litigants the privilege to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. *See* 28 U.S.C. § 1915(a)(2); *Rodriguez*, 169 F.3d at 1177. However, the Prison Litigation Reform Act of 1995 ("PLRA") amended section 1915 to bar a prison inmate from proceeding IFP:

> [I]f the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

///

Thus, once a prisoner has had three previously filed civil actions or appeals dismissed as frivolous or malicious or for failure to state a claim (the Court will refer to such dismissals as "strikes"), he is prohibited by section 1915(g) from pursuing any other civil action or appeal in federal court unless he is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). The Ninth Circuit has found that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection. *See Rodriguez*, 169 F.3d at 1179-81. Nor does it violate separation of powers principles or operate as an ex post facto law. *Id.* at 1181-82. When applying 28 U.S.C. § 1915(g), however, a court should cite the specific case names, numbers, districts and dates of dismissal for each civil action it considers a "strike" or "prior occasion." *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998).

### III.

### Review of Plaintiff's Litigation History

The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is presently in any imminent physical danger. Thus, Plaintiff may not proceed IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. 28 U.S.C. § 1915(g).

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979). Here, the Court takes judicial notice that Plaintiff has had at least six prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See e.g., Washington v. Garcia*, Civil Case No. 95-2221 K (S. D. Cal. Jan. 11, 1995) (Order granting request to proceed IFP and dismissing complaint pursuant to 28 U.S.C. § 1915(d))[1] ("strike one"); *Washington v. Cambra*, Civil Case No. 95-3356 TEH, 1995 WL

---

[1] 28 U.S.C. § 1915(d) was re-codified at 28 U.S.C. §§ 1915(e)(2)(b)(i) and 1915A(b)(1) by the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Cases dismissed as frivolous, malicious or for failure to state a claim prior to the PLRA's enactment may be counted as "strikes" for purposes of 28

590346 (N. D. Cal. Oct. 2, 1995) (Order denying request to proceed IFP and dismissing complaint pursuant to 28 U.S.C. § 1915(d)) ("strike two"); *Washington v. Cambra*, Civil Case No. 95-3641 TEH, 1995 WL 691882 (N. D. Cal. Nov. 7, 1995) (Order denying request to proceed IFP and dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(d) ("strike three"); *Washington v. Cambra*, Civil Case No. 95-3763 TEH (N. D. Cal. Nov. 20, 1995) (Order denying request to proceed IFP and dismissing complaint pursuant to 28 U.S.C. § 1915(d) ("strike four"); *Washington v. Garcia*, Civil Case No. 95-2217 J (LSP) (S. D. Cal. Feb. 24, 1998) (Order granting motion for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c) & (h) for failing to state a claim) ("strike five"); and *Washington v. Gomez*, Civil Case No. 97-6115 OWW (HGB) (E. D. Cal. Nov. 4, 1999) (Order adopting Report & Recommendation that complaint be dismissed for failing to state a claim) ("strike six").[2]

---

U.S.C. § 1915(g). *Tierney*, 128 F.3d at 1312.

[2] The Court further notes that Plaintiff has had seventeen additional civil actions dismissed either for failing to prepay filing fees or as barred by 28 U.S.C. § 1915(g). *See Washington v. Garcia*, Civil Case No. 96-1353 K (RCM) (S. D. Cal. Oct. 3, 1996) ("Order Denying Request to Proceed IFP and Dismissing Civil Action without Prejudice" pursuant to 28 U.S.C. § 1915(g)); *Washington v. Garcia*, Civil Case No. 96-1438 BTM (RBB) (S. D. Cal. Dec. 17, 1996) ("Order Denying Request to Proceed IFP and Dismissing Civil Action without Prejudice" pursuant to 28 U.S.C. § 1915(g)); *Washington v. Cambra*, Civil Case No. 96-2722 TEH (N. D. Cal. Aug. 12, 1996) (Order denying request to proceed IFP and dismissing case); *Washington v. Cambra*, Civil Case No. 96-2816 TEH (N. D. Cal. Aug. 13, 1996) (Order denying motion to proceed IFP and dismissing case); *Washington v. Gomez*, Civil Case No. 96-3106 TEH (N. D. Cal. Sept. 4, 1996) (Order denying request to proceed IFP and dismissing case); *Washington v. Gomez*, Civil Case No. 96-3252 TEH (N. D. Cal. Sept. 19, 1996) (Order denying request to proceed IFP and dismissing case); *Washington v. Westdal*, Civil Case No. 96-3456 H (LSP) (S. D. Cal. Sept. 12, 1996) (Order denying request to proceed IFP and dismissing civil action without prejudice pursuant to 28 U.S.C. § 1915(g)); *Washington v. Gomez*, Civil Case No. 96-4064 TEH, 1996 WL 682026 (N. D. Cal. Nov. 15, 1996) (Order denying request to proceed IFP and dismissing action pursuant to 28 U.S.C. § 1915(g)); *Washington v. Gomez*, Civil Case No. 96-4188, 1996 WL 724895 (N. D. Cal. Dec. 4, 1996) (Order denying request to proceed IFP and dismissing action pursuant to 28 U.S.C. § 1915(g)); *Washington v. Witek*, Civil Case No. 97-7897 CBM (C. D. Cal. April 8, 1998 and April 30, 1998 Orders denying requests to proceed IFP); *Washington v. Donovan*, Civil Case No. 98-1296 RL (CGA) (S. D. Cal. July 27, 1998) (Order denying request to proceed IFP and dismissing civil action pursuant to 28 U.S.C. § 1915(g)); *Washington v. Westdal*, Civil Case No. 98-1304 RL (CGA) (S. D. Cal. July 27, 1998) (Order denying request to proceed IFP and dismissing civil action pursuant to 28 U.S.C. § 1915(g)); *Washington v. Gomez*, Civil Case No. 98-1831 TEH (PR), 1998 WL 296370 (N. D. Cal. June 1, 1998) (Order denying request to proceed IFP and dismissing action as barred by 28 U.S.C. § 1915(g)); *Washington v. Early*, Civil Case No. 99-6590 OWW (LJO) (E. D. Cal. Sept. 14, 2000) ("Order to Show Cause Why Plaintiff should not be Enjoined from Filing Further Lawsuits without First Paying $150 Filing Fee"); *Washington v. Inglewood Parole Region 3/4*, Civil Case No. 99-12212 TJH (AJW) (C. D. Cal. Oct. 18, 2000) (Order adopting Report & Recommendation to deny IFP requests and dismiss action pursuant to 28 U.S.C. § 1915(g)) and (C. D. Cal. Oct. 20, 2000) (Order re "Notice of Three Strikes" and directing Plaintiff to attach copy of "Disclosure of Three Strikes Notice" to any complaint or application for leave to proceed IFP in any USDC or US Court of Appeals); *Washington v. Terhune*,

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and does not claim to be under imminent danger of serious physical injury, he is not entitled to request the privilege of proceeding IFP in this action. *See Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## IV.
## Conclusion and Order

For the reasons set forth above, the Court hereby **DISMISSES** this action pursuant to 28 U.S.C. § 1914(a) for failing to prepay the $350 filing fee, and notes that Plaintiff may no longer proceed IFP in any federal district or appellate court pursuant to 28 U.S.C. § 1915(a) while he is incarcerated unless he is in "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g).

Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: 1/18/07

ROGER T. BENITEZ
United States District Judge

---

Civil Case No. 00-5516 AWI (LJO) (E.D. Cal. July 11, 2000) (Order adopting Report and Recommendation to deny Plaintiff's request to proceed IFP and dismiss case per 28 U.S.C. § 1915(g)); and *Washington v. Gomez*, Civil Case No. 01-0145 JM (LSP) (S.D. Cal. April 4, 2001) (Order dismissing case for failure to prepay civil filing fees pursuant to 28 U.S.C. § 1914(a)).